IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORIS PHILLIPS, individually and as personal
representative of the estate of
RICHARD L. NICOLDS, Deceased,

       Plaintiff,

      vs.                                             CIV. No. 97-1324 JP /LFG

THE CITY OF ALBUQUERQUE, the
ALBUQUERQUE POLICE DEPARTMENT,
CHIEF OF POLICE JOE POLISAR, Individually
and in his official capacity, JOHN BODE,
Individually and in his official capacity and
JOHN DOES, numbered 1-10,

       Defendants.

MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is "Plaintiff's Motion for Remand" (Doc. #22), filed December 22, 1997. After careful consideration of the pleadings and the law, I conclude that I should deny the plaintiff's motion to remand.

**I. Procedural Background**

On September 9, 1997, Ms. Phillips filed her original complaint in the Second Judicial District Court, Bernalillo County, State of New Mexico. The complaint has since been amended and Ms. Phillips' allegations include various state law claims for wrongful death as well as claims of Civil Rights violations under 42 U.S.C. § 1983. See "Plaintiff's Amended Complaint for Wrongful Death, Aggravated Battery, Battery, Aggravated Assault, Assault, Trespass, False Arrest, False Imprisonment, Negligent Supervision, Negligent Training, Spoliation of Evidence, and Fourth and Fourteenth Amendment Civil Rights Violations" (Doc. #7). The incident which

gave rise to the allegations was the fatal shooting of Richard L. Nicolds at his residence during an investigation by officers of an alleged misdemeanor traffic violation.  Ms. Phillips, as personal representative of the Estate, alleges that Mr. Nicolds was wrongfully shot and killed.  On October 10, 1997, defendants removed the case to this court (Doc. #1).

## II.  If Supplemental Claim Substantially Predominates Issue

A federal district court has discretion to dismiss a state law claim supported only by supplemental jurisdiction if that state law claim substantially predominates over the federal claim or claims over which the district court has original jurisdiction.  28 U.S.C. § 1367.  The Supreme Court stated that if it appears state issues substantially predominate, whether in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to the state tribunals.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  Ms. Phillips does not dispute that the case was properly removed under 28 U.S.C. § 1441(b), but she maintains that a properly removed case may be remanded under 28 U.S.C. § 1441(c)(1) if the state claims predominate.  Ms. Phillips asserts that remand of the *entire case* to state court is appropriate.  Before considering whether remand is appropriate under § 1441(c)(1), I will first discuss whether I have subject matter jurisdiction over both the federal claims and the supplemental state claims.

### A.  Original Jurisdiction

This case was removed under 28 U.S.C. §1441(b) which provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(b) only authorizes the removal of claims within the "original jurisdiction" of the

2

district court.  In this case, I have original jurisdiction because Ms. Phillips' claim under  42 U.S.C. § 1983 presents a federal question.  28 U.S.C. § 1331.  In a similar situation, the Honorable Bruce D. Black ruled that the defendants had properly removed a claim embodied in federal law under 42 U.S.C. § 1983.  Harper v. City of Albuquerque, et. al., Civ. No. 96-1048 BB/WWD, slip op. at 7 (D.N.M. filed September 18, 1997)(Black, J.), appeal pending, Docket Nos. 97-2335 / 97-2361 (10th Cir. 1997).  In Harper, the plaintiff's allegations similarly included various state law claims for wrongful death as well as claims of Civil Rights violations under § 1983.  Id. at 1.  Judge Black noted that settled precedent requires a federal court to accept jurisdiction over a case with a claim embodied in federal law under 42 U.S.C. § 1983.  Id. at 7.  See Colorado River Conservation Dist. V. United States, 424 U.S. 800, 817 (1976) (explaining that federal courts have an unflagging obligation to exercise the jurisdiction given to them).   In this case, the Defendants removed the case from state court because Ms. Phillips' § 1983 claim presents a federal question.  Based on the language of § 1441(b) and  Judge Black's analysis of subject matter jurisdiction over § 1983 claims, I agree that the Defendants properly removed the § 1983 claim to this court.

**B.  Supplemental Jurisdiction**

According to 28 U.S.C. § 1367(a), federal district courts have supplemental jurisdiction over state law claims.  Section 1367(a) provides in relevant part:

> Except as provided in subsections (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In United Mine Workers, the Supreme Court articulated a two part test for determining whether a

federal court should exercise supplemental jurisdiction over a supplemental state claim. 383 U.S. at 725.  First, the federal claim must have substance sufficient to confer subject matter jurisdiction on the court.  Id.  This exists when the state and federal claims derive from a common nucleus of operative fact.  Id.  Second, if the federal issue is substantial and the plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, the federal court has the power to hear the *entire* case.  383 U.S. at 725 (finding that the relationship between the federal claim and the state claim permits the conclusion that the *entire* action before the court comprises but one constitutional case).  In this case, I have subject matter jurisdiction over Ms. Phillips' § 1983 claim.  In addition, both the federal and state claims asserted by Ms. Phillips derive from the same set of facts underlying the alleged wrongful death of Mr. Nicolds.  Trying the federal and state claims in one proceeding will avoid duplicate proceedings in federal and state court, thus enhancing judicial efficiency.  28 U.S.C. § 1367(a) and the test in United Mine Workers support the exercise of supplemental jurisdiction over Ms. Phillips' state claims.

    Ms. Phillips maintains that her case falls within an exception to the exercise of supplemental jurisdiction.  The district court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if:   (1) the state claim raises a novel or complex issue of state law; (2) the state claim substantially predominates over the federal claim or claims over which the district court has original jurisdiction; (3)  the district court has dismissed all claims over which it has original jurisdiction; or (4) exceptional circumstances provide compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  Ms. Phillips contends that the second exception applies because her case is based predominantly on state law.  As a subcategory of her argument under § 1367(c)(2), Ms. Phillips maintains that her spoliation of evidence claim involves a novel

issue of state law.  This second argument seems to fall more appropriately under 28 U.S.C. § 1367(c)(1) although Ms. Phillips never clearly states that the first exception applies.[1]

### *1. Whether state law claims substantially predominate over the federal claims*

Because Ms. Phillips clearly relies on the second exception, I will first consider it.  The *substantially predominate* standard focuses on whether, in terms of proof, the state law claims expand the scope of the case beyond the underlying federal claims, rather than whether the number of state law claims exceeds the number of federal claims. Harper, Civ. No. 96-1048, at 9 (citing Gard v. Teletronics Packing Systems, Inc., 859 F.Supp. 1349, 1352 (D. Colo. 1994) for the proposition that the focus is whether proof of a state law claim expands the scope of the case beyond the underlying federal claim), and citing Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789-790 (3rd Cir. 1995) for the proposition that the *substantially predominate* standard is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts)).  Harper articulates the same standard found in United Mine Workers for determining whether a claim substantially predominates.  See supra, Section II.  I agree with Judge Black's conclusion in Harper that this is the appropriate standard to apply.   Thus, Ms. Phillips' claim that sixteen of the nineteen counts involve state claims is not persuasive.  Also Ms. Phillips has not shown that there is any variance in proof between the state law claims and the federal claims.  Therefore, I will not decline supplemental jurisdiction over the state law claims on the basis of 28 U.S.C. § 1367(c)(2).

---

[1]The attorneys for the Defendants in response to Ms. Phillips' sub-argument that spoliation of evidence is a novel issue, develop  an argument based on 28 U.S.C. § 1367(c)(1) notwithstanding the fact that Ms. Phillips never asserts the spoliation claim as a § 1367(c)(1) exception.

*2. Whether the spoliation of evidence claim presents a novel issue*

Ms. Phillips appears to argue, albeit in a very indirect manner, that her claim for spoliation of evidence falls within the first exception, 28 U.S.C. § 1367(c)(1). She contends that the tort of spoliation of evidence involves a novel question of state law. The Tenth Circuit has indicated that a novel issue is one that has not been previously decided by the courts. Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997). In 1995, the New Mexico State Supreme Court recognized a tort of spoliation. Coleman v. Eddy Potash, Inc., 120 N.M. 645 (1995).[2] Coleman sets forth the elements of the tort of spoliation that a plaintiff must allege and prove.[3] Ms. Phillips seems to assert that I should not exercise supplemental jurisdiction over her state law spoliation of evidence claim because there has not been a case brought in this precise context, where police officers have willfully destroyed evidence or tampered with evidence at the scene of homicide. I do not find this argument persuasive. There is case law under the New Mexico Tort Claims Act dealing with immunity from liability for torts committed within the scope of a state actor's employment. The Tenth Circuit in dicta has stated that the New Mexico Tort Claims Act does not waive immunity for a police officer's spoliation of evidence. See, e.g.,

---

[2] United States Magistrate Judge Les Smith of the District Court of New Mexico acknowledged that the New Mexico Supreme Court has recognized the tort of spoliation. Phelps Dodge Corp. v. The Hartford Steam Boiler Inspection and Ins. Co., Civ. No. 95-161 LCS, slip op. at 1 (D.N.M. filed June 6, 1997)(denying motion for summary judgment because defendants failed to show bad faith on part of Plaintiff in destruction of a document relevant to proof of an issue at trial). Here, Judge Smith noted that the outcome of a case involving the tort of spoliation is the same under either federal or state law approaches.

[3] The elements of the tort of intentional spoliation of evidence are: (1) existence of a potential lawsuit; (2) knowledge by the possessors of the evidence of a potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship; and (6) damages. Id. at 649.

Amirault v. City of Roswell, No. 96-2181, 1997 WL 428691 at *3 & n.1 (10th Cir. July 31, 1997) (holding that the City is also immune from a suit for spoliation of evidence).  United States Magistrate Judge William W. Deaton likewise concluded that the New Mexico Tort Claims Act does not include a claim for spoliation of evidence in the list of police actions for which immunity has been waived.  Scott v. City of Albuquerque, Civ. No. 94-0786 WWD/DJS, slip op. at 1 (D.N.M. filed November 14, 1994) (Deaton, J.) (holding that the exceptions to immunity in the Tort Claims Act do not include the spoliation claim).  See N.M. Stat. Ann. § 41-4-4;  § 41-4-12 (Repl.  Pamp. 1996).  Ms. Phillips spoliation of evidence claim presents no novel issue of state law and, therefore, does not fall within 28 U.S.C. § 1367(c)(1).  Thus, Ms. Phillips has failed to justify any reason under 28 U.S.C. § 1367(c) to remand the case to the state court.

### C.  Remand under 28 U.S.C. § 1441(c)

Ms. Phillips also alleges that remand is consistent with the purposes of 28 U.S.C. § 1441(c) and its discretionary provision which reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all of the issues therein, or, in its discretion, may remand all matters in which State law predominates.

In Harper, Judge Black relied on interpretations of § 1441(c) by the Courts of Appeals of the Third and Eleventh Circuits to the effect that § 1441(c) does not apply unless the federal question claims removed by the defendant are *separate* and *independent* from the state law claims.  Harper, Civ. No. 96-1048, at 9 (citing Lancaster, 45 F.3d at 787, for the proposition that § 1441(c) cannot apply unless claims removed by the defendant were "separate and independent" from the state law claims), and citing In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996) to support the

7

proposition that no separate and independent claim exists under § 1441(c) where both federal and state causes of action are asserted as a result of single wrong based on a common event or transaction)).  See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 11 (1951) (holding that Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action).  Ms. Phillips has failed to demonstrate that her state claims are *separate* and *independent* from her federal claims.  As a result, § 1441(c) is not applicable.

Because this action was removed properly under 28 U.S.C. § 1441(b), Plaintiff's motion to remand should be denied and I should retain jurisdiction over the entire claim under 28 U.S.C. § 1367.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (Doc. #22) is DENIED.

/s/ James A. Parker
UNITED STATES DISTRICT JUDGE