IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DORIS PHILLIPS, individually,
and as personal representative of
the Estate of Richard L. Nicolds,

        Plaintiff,

vs.                                             No. CIV 97-1324 JP/LFG

CITY OF ALBUQUERQUE et al.,

        Defendants.

## MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery [Doc. 56]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed on June 15, 1998. Based on a review of the pleadings, the Court determines that oral argument is not necessary. This matter may be resolved on the parties' submissions.

Doris Phillips ("Phillips") moves to compel the City of Albuquerque and three of the City's police officers, John Bode, Greg Robertson and Duffy Ryan, to more fully answer interrogatories and requests for production.[1]

---

[1] In accord with D.N.M.LR-Civ. 37.1(a), Phillips did provide a complete set of the interrogatories which are the subject of this dispute. While the caption of the motion refers to Phillips' motion to compel requests for production, no requests were appended as required by the local rule, and no argument was submitted alleging that Defendants failed to produce documents requested. To the extent that this motion was intended to cover requests for production, due to Phillips' failure to comply with the rule and her failure to address the issue, that request is denied.

Phillips' complaints concerning the City and officers' responses to interrogatories can be summarized as follows:

1. In interrogatories to individual officers, Phillips asks the officers to each "describe in their own words" information concerning training they received in various areas. Phillips claims that the responses were not in the officers' own words, and, indeed, no responses from the officers were made. Rather, documents instead of responses were provided.

2. Phillips claims that Defendants failed to verify all of their answers.

3. Defendants provided records in response to interrogatories and Phillips claims that such a procedure is not permitted by Fed. R. Civ. P. 33(d).

4. The responses are evasive because they refer to documents and to do not respond "in their own words."

5. The responses were late.

6. The City's objections to interrogatories are invalid.

## **Analysis**

Phillips' initial complaint is that the officers failed to respond to the interrogatories "in their own words" because the identical responses were submitted by each of the Defendants, and, consequently, Phillips argues that these responses are not in each individual officer's own words. The purported purpose of the bulk of the interrogatories to the individual Defendants was to ascertain if the officer had been trained in a particular area and, if so, what training was provided, when and by whom. For example, Interrogatory No. 2 "Identify by name, APD officer number, address and phone number, all individuals who instructed you in the use of your belt tape and provide the approximate date that you received such instruction or retraining"; and Interrogatory No. 3 "Describe

in your own words the training you have received regarding the preservation of evidence and how to `secure' or `clear' a weapon without destroying evidence on the weapon."

Approximately eighteen of the interrogatories asked of the individual officers are similar in nature and request information on the training received, the name of the instructor, when the training occurred, and what information was provided.  The officers responded to the interrogatories by providing the individual officer's training records and with all APD Academy training records for each individual officer, showing the classes taken, the curriculum lists, lesson plans, subject matter of the class, names of the instructors and dates on which the instruction was provided.  In addition to the individual officer's training records, all APD Academy training records and materials were made available at the Academy or on microfiche.

Phillips argues that the documents are insufficient, and she wanted each officer to describe the specifics of the training he received and to summarize the training based on the documents.  The Court rejects this argument.  If, indeed, the purpose of the interrogatory is to determine what training the officers received, the subject matter of the training, the materials used, the instructor who provided the training, the dates of the training and whether the individual officer received such training.  The best evidence is the record of the training itself.  The training records provide a thorough and complete answer to Phillips' questions.  The Court determines that this portion of Phillips' motion is not well-taken and will be denied.

Phillips next argues that Defendants failed to verify the answers to their interrogatories.  The claim is not completely accurate.  Indeed, each individual Defendant submitted a verification to the interrogatories and verified the particular responses which they individually gave.  It appears that their verification sought to carve out an exception, however, that is, to the extent that business records

3

were submitted to Phillips from which the answers to the interrogatories could be obtained, the individual Defendant did not verify the business records. Each officer signed a similar verification. For example, the following verification is appended to John Bode's interrogatory answers.

> I, John Bode, having been first duly sworn and upon oath, state that I have read the foregoing answers to Plaintiff's First Interrogatories to John Bode, Requests No. 9, 10, 22, 23 and 24 only, that I know the contents thereof, and that to the best of my own knowledge and belief all information contained therein is true and correct.

The verification was sworn to and signed before a notary public. It is clear that Bode verified the interrogatories to which he individually responded, but did not verify the training records which were submitted by his attorney in response to Phillips' interrogatory requests. It appears that each officer proceeded out of an abundance of caution. That is, since the officer is not the custodian of the various training records, he might be hard pressed to verify the information contained in the records. That position is entirely understandable. However, interrogatories must be answered under oath, and when an individual opts to answer an interrogatory by referring the inquisitor to business records, the individual answering the interrogatory should verify that the documents contain the requested information.

Under Fed. R. Civ. P. 33(d), a party may produce business records in lieu of answering an interrogatory when the burden of extracting the requested information would be substantially equal for either party. However, in order to respond to an interrogatory by producing business records, a party must state that the documents contain the requested information. It is not sufficient to state that the documents may contain the information. Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221 (10th Cir.), *cert. denied*, 429 U.S. 886, 97 S. Ct. 239 (1976).

4

Here, while the Court understands why the deponents did not verify the other interrogatories, the Court will require that a supplemental verification be submitted by each officer, indicating that the documents produced contain the requested information sought by Phillips.  The supplemental verifications should be submitted within ten days.

Phillips objects to the entire practice of Defendants submitting business records in response to interrogatories.  However, as noted above, this procedure is specifically authorized by Rule 33(d).  Further, it is clear that the burden of compiling the information from the training records is no greater on Phillips than it would be on the individual officers.  Here, the City compiled a complete list of training records that encompass all of Phillips' requests.  There is no greater burden on Phillips to peruse the records to obtain the information than there would be on officers Bode, Robertson or Ryan.  The Court determines that the burden of gleaning the requested information from the business documents is substantially equal for all the parties, and, therefore, that Defendants appropriately produced the business records in response to the interrogatories.

Phillips' next claim is that the responses are late.  Defendants agree that the responses were filed several days after the due date.  However, the Court notes that Phillips' discovery requests were voluminous and that the Defendants' responses were full and complete.  In total, Defendants submitted a 296-page response to Phillips' requests, not including the nearly fifteen linear feet of documents which the City amassed for Phillips' inspection.

It is not an uncommon practice for a defendant to assert wholesale objections, refuse to produce documents, and to obstruct a discovery process.  Here, the contrary is true.  A review of the responses indicates that the City produced reams of information in response to Phillips' requests.  Rather than relying on the improper ploy of asserting inappropriate objections, the Defendants were

forthright in their disclosures and liberal in their interpretation of Phillips' requests and produced virtually everything sought by Phillips.

While Defendants should have sought an extension of time within which to comply from either opposing counsel, or the Court. Phillips has not been prejudiced by the short delay in Defendants' submission of the answers to interrogatories, and, therefore, rejects Phillips' argument that objections have been waived. In the future, Defendants are cautioned not to violate Court imposed deadlines.

Finally, Phillips argues that the City's objections are inappropriate and should be rejected. For example, in Interrogatory No. 3, Phillips asked the City to provide the following information:

> Please name any city in the United States in which the police department has killed more citizens per capita for the years 1985 through 1987, than have been killed by APD in Albuquerque, New Mexico. Please provide the basis for your information.

Again, in Interrogatory No. 4, Phillips asked:

> Please list the name of all cities of comparable size to the City of Albuquerque, in which the police department has killed more citizens than APD from 1985 through 1997. Please state the basis for your information, the population of the city and number of citizens killed.

In response to these questions, the City objected, stating that the requests were overly broad and unduly burdensome, and that the City Attorney's office does not keep a data base from which it can determine information regarding the number of people killed by law enforcement officers employed by other municipalities in the nation which the estate requests. The City argued that it was not required to conduct the discovery from other municipalities in order to answer the estate's interrogatories and to make the requested comparison, and that to comply with the request, it would have to undertake independent research to provide answers to the interrogatories. That research was as readily available from Phillips as it was from the City.

The Court agrees.  The objections asserted by Defendants are well-taken and the Court rejects Phillips' arguments the City was evasive in its responses or that its objections were inappropriate.

Defendants are not obligated to conduct research, perform studies or make comparative analyses at a plaintiff's request.  The information sought is not part of the City's records and is as available to Phillips as it is to each Defendant.

In sum, the Court finds that Phillips' motion is not well-taken and, excepting the requirement that Defendants supplement the verification in ten days as previously indicated, all other requests for relief are denied.

                                              Lorenzo F. Garcia
                                              United States Magistrate Judge

COUNSEL FOR PLAINTIFF:
Randi McGinn, Esq.
Daniel J. O'Brien, Esq.

COUNSEL FOR DEFENDANTS:
Luis E. Robles, Esq.