IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DORIS PHILLIPS, individually,
and as personal representative of
the Estate of Richard L. Nicolds,

        Plaintiff,

   vs.                                 No. CIV 97-1324 JP/LFG

CITY OF ALBUQUERQUE et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS TO PRODUCTION

THIS MATTER is before the Court pursuant to a stipulated protective order regarding the Internal Affairs files of Defendants John Bode, Greg Robertson and Duffy Ryan, filed April 27, 1998 [Doc. 47]. Pursuant to the terms of the order, Defendants were required to produce Sgt. Bode, Officer Robertson and Officer Ryan's Albuquerque Police Department ("APD") Internal Affairs files to Plaintiff under certain terms and conditions. Defendants, however, were entitled to withhold production of certain Internal Affairs documents over which Defendants claimed a privilege. To the extent a privilege was claimed, Defendants were required to prepare a privilege log and to submit the log and contested documents to the Court for an in camera review.

In accord with the terms of the order, Defendants submitted the contested documents for the Court's in camera inspection.

Discovery in federal courts is governed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26. Under the foregoing rule, all relevant material which is not privileged is discoverable. Fed. R. Civ. P. 26(b)(1); Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980). In re Pfohl Bros. Landfill Litigation, 175 F.R.D. 13 (W.D. N.Y. 1997).

In this case, Defendants contend that the withheld documents are privileged and not subject to discovery. Preliminarily, the Court notes that an individual's interest in preventing disclosure of personal matters by the government is within the zone of privacy protected by the federal Constitution. Flanagan v. Munger, 890 F.2d 1557, 1570 (10th Cir. 1989)(citing Whalen v. Roe, 429 U.S. 589, 599 n. 24 (1977). When the state possesses certain personal information regarding an individual, the due process clause "Implies an assurance of confidentiality with respect to certain forms of that information." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986). However, the right to confidentiality of matters contained in personnel files is not absolute. Denver Policemen's Protective Assn. v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). Courts generally apply a three-prong balancing test in order to determine whether the information sought by a party and contained in the personnel files is so personal or sensitive as to warrant protection. Id. Under the Lichtenstein test, the Court considers whether (1) the party asserting the right has a legitimate expectation of privacy; (2) if disclosure serves a compelling state interest; and (3) if disclosure can be made in the least intrusive manner. Id.

The Court considered the withheld documents, Defendants arguments in support of privilege, and Plaintiff's response to Defendants' Internal Affairs files claim of privilege log served on June 17, 1998. Oral argument is not necessary, this matter may be resolved based on the parties' submissions.

2

Defendants argue that all non-Defendant APD officers have a privacy right that protects their personal matters from unwarranted disclosure.  Further, Defendant officers assert privilege for matters contained in their personnel files or Internal Affairs reports that are materially different than the shooting which is the subject matter of the case.

Defendants argue that under the standards in <u>Graham v. O'Connor</u>, 490 U.S. 386, 109 S. Ct. 1865 (1989), the only proper frame of reference for adjudication of excessive force arrest cases is an objective reasonableness standard.  In <u>Graham v. O'Connor</u>, the Court stated:

> As in other Fourth Amendment context . . . the "reasonableness" inquiry in an excessive force case is . . . whether the officer's actions are "objectively reasonable" in the light of the facts and circumstances confronting them, without regard to their underlying intent or motivation . . . .  An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

<u>Id.</u> at 397.  Defendants persuasively argue that evidence of evil intent has "no place in the inquiry" at trial and, therefore, discovery of "past complaint records of arresting police officers can and should be averted as a general rule."  <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677 (E.D. Ca. 1990), *aff'd* 12 F.3d 1107 (9th Cir. 1993).  While that may be true for excessive force cases under Section 1983, in this case, Plaintiff has also alleged a separate count for failure to supervise, together with common-law tort claims.  Information may be relevant and, perhaps, admissible on the common-law claims that would be irrelevant and inadmissible under the Section 1983 excessive force claim.

The Court's balancing test not only includes the <u>Lichtenstein</u> factors as noted above, but must also include a proper balance between a litigant's right to obtain information as opposed to the opposing party's right to be free from an intrusive examination into private affairs.  <u>See, e.g.</u>,

Griswold v. State of Conn., 381 U.S. 479, 85 S. Ct. 1678 (1965).

It is with these standards in mind that the Court reviews the submitted material.

### John Bode

| BATES DOCUMENT NOS. | ORDERED PRODUCED | ORDERED WITHHELD | REASON |
|---|---|---|---|
| 1A001777-1A001781 | | XX | Privileged; documents relate to missed court date and are not relevant; will not lead to discovery of relevant, admissible evidence |
| 1A001782-1A001784 | XX | | Documents relevant to improper use of firearm |

### Greg Robertson

| BATES DOCUMENT NOS. | ORDERED PRODUCED | ORDERED WITHHELD | REASON |
|---|---|---|---|
| 1A000365-1A000368 | XX | | Relevant to claim of use of excessive force |
| 1A000376 | XX | | Relevant to claim of use of excessive force |
| 1A000411 | | XX | Privileged; not relevant; nor will production lead to the discovery of relevant, admissible evidence |
| 1A000373-1A000374 | | XX | Privileged; not relevant; nor will production lead to the discovery of relevant, admissible evidence |
| 1A000378 | | XX | Privileged; not relevant; nor will production lead to the discovery of relevant, admissible evidence |
| 1A000427 | | XX | Privileged; not relevant; nor will production lead to the discovery of relevant, admissible evidence |

| 1A000429 | | XX | Privileged; not relevant; nor will production lead to the discovery of relevant, admissible evidence |
|---|---|---|---|
| 1A000430-1A000438 | | XX | Privileged; not relevant; nor will production lead to the discovery of relevant, admissible evidence |
| 1A000440-1A000450 | | XX | Not relevant; deals with auto accident, would not lead to discovery of relevant, admissible evidence |
| 1A000451-1A000457 | | XX | Not relevant; deals with court appearance; production would not lead to the discovery of relevant, admissible evidence |
| 1A000458-1A000463 | | XX | Privileged; not relevant; deals with off-the-job matter; production would not lead to discovery of relevant, admissible evidence |
| 1A000464-1A000465 | | XX | Privileged; not relevant; deals with auto accident; production would not lead to discovery of relevant, admissible evidence |

**Duffy Ryan**

| BATES DOCUMENT NOS. | ORDERED PRODUCED | ORDERED WITHHELD | REASON |
|---|---|---|---|
| 1A000840 | | XX | Privileged; not relevant |
| 1A000843-1A000844 | | XX | Privileged; not relevant |
| 1A000947-1A000950 | | XX | Privileged; not relevant; document does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A000960-1A000963 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |

| 1A000988-1A000993 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
|---|---|---|---|
| 1A001000-1A001005 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001027-1A001031 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001037-1A001041 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001053-1A001058 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001067-1A001071 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001088-1A001091 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001097-1A001101 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001136-1A001139 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |

| 1A001147-1A001152 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
|---|---|---|---|
| 1A001180-1A001181 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001183-1A001185 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001215-1A001220 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001250 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001252-1A001254 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001295 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001308- | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001310-1A001312 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |

| 1A001348-1A001352 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
|---|---|---|---|
| 1A001361-1A001364 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001405-1A001406 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A001410-1A001411 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A000703 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A000623 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A000654-1A000655 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A000625 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |
| 1A000627 | | XX | Privileged; not relevant; does not relate to any defendant; production would not lead to discovery of relevant, admissible evidence |

In striking the balance between Plaintiff's right to discoverable information as opposed to individual officer's right of privacy, the Court considered whether the requested documents are relevant to the Section 1983 claims or, for that matter, relevant to Plaintiff's common-law tort claims. Excepting those documents which the Court ordered produced, the Court determines that the remainder of the documents are not relevant nor would their production lead to the discovery of relevant, admissible evidence.  The Court strikes the balance in favor of the privacy interests of the individual officers, especially those who are not named as defendants in this lawsuit.

To the extent that the Court ordered some documents produced, they shall be produced to the Plaintiff within ten days.

The Court further orders that the documents submitted for an in camera inspection be filed under seal in the event a party seeks to appeal the C ourt's discovery order.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFF:
Randi McGinn, Esq.
Daniel J. O'Brien, Esq.

ATTORNEY FOR DEFENDANTS:
Luis E. Robles, Esq.

9