IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DORIS PHILLIPS, individually,
and as personal representative of
the Estate of Richard L. Nicolds,

        Plaintiff,

  vs.                                        CIVIL NO.  97-1324 JP/LFG

CITY OF ALBUQUERQUE et al.,

        Defendants.


## MEMORANDUM AND ORDER DENYING MOTION FOR SANCTIONS

      THIS MATTER is before the Court on Plaintiff, Doris Phillips' ("Phillips") Motion for

Sanctions filed February 3, 1999 [Doc. 175].  Oral argument is not necessary.  This matter may be

resolved based on the Court's review of its own records and on the parties' submissions.

      On January 8, 1999, the Court entered an order on Phillips' motion to extend certain

discovery relating to a .22 caliber handgun.  The Court's order stated in part:

> Late in the discovery process, Phillips sought to inspect and perform
> tests on the .22 caliber handgun.  The City did not object to testing,
> but proposed that tests be conducted by the City's police laboratory.
> The Court rejected the proposal and authorized release of the weapon
> to Phillips for non-destructive testing under certain terms and
> conditions.  Arrangements for the transfer of the weapon were to be
> made within ten days from the date of the Court's order of July 10,
> 1998.  Following the Court's order, neither Phillips nor the City raised
> any complaint or objection or, indeed, any further matter relating to
> the weapon.  Phillips obtained the weapon on September 29, 1998.
>
> Phillips argues that discovery should be reopened because of "newly
> discovered evidence."  The evidence is a powder residue on the pistol

which Phillips contends is evidence that the weapon was previously dusted for fingerprints and wiped clean. Yet, the existence of the weapon was known to Phillips from the date of the incident. Phillips delayed in requesting the weapon until the end of the discovery process. Even when the weapon was ordered produced, Phillips failed to diligently take steps to obtain the weapon. Phillips argues that she repeatedly sought to have access to the weapon. This is disputed by Defendants. In any event, Phillips never formally brought the matter to the Court's attention so that the Court could intervene, if necessary, to inquire as to the delays in the transfer of weapon.

Evidence is not newly discovered if, through the exercise of reasonable diligence, the evidence could have been previously obtained. Here, the Court concludes that Phillips was not reasonably diligent and cannot now assert that evidence relating to the weapon is new evidence. Phillips' motion to reopen discovery is untimely and is denied.

(Order Denying Motion to Extend Discovery and Requiring Affidavit on Disclosure of Witnesses [Doc. 148, pp. 2 and 3]).

Phillips did not seek review of the Court's January 8, 1999 order, but, rather, on January 29, 1999, served the present Motion for Sanctions seeking entry of default against the City for alleged discovery violations relating to the .22 caliber handgun. Phillips contends that the City failed to comply with its discovery obligations, especially its duty of disclosure. Phillips accuses the City of acting wilfully and in bad faith by stating that the .22 caliber gun found lying next to the decedent's body was not fingerprinted, and of failing to disclose the results of a fingerprint analysis. Phillips contends that the City wilfully destroyed evidence and prejudiced Phillips' ability to successfully prosecute her claim, and, accordingly, seeks entry of a sanctions order, including a default judgment.

This motion was served on January 29, 1999. On February 3, 1999 within a week of service of the motion, Judge James Parker met with counsel in a pretrial conference. At that conference, Phillips discussed, among other things, her contentions that the .22 caliber pistol had been

fingerprinted by the police and, thereafter, wiped clean; that the City intentionally withheld or destroyed evidence; that Phillips' own expert opined that there was fingerprint residue on the pistol; and that the City did not disclose the results of the alleged testing. Notwithstanding Phillips' contentions and allegations, the Court affirmed the January 8, 1999 decision that found no "newly discovered evidence." Judge Parker concluded Phillips cannot reopen discovery concerning the gun at this late date." (Judge Parker's February 8, 1999 order [Doc.168, p. 1]). This ruling should have settled the issue relating to the weapon, testing and claims of wrongful conduct.

With the Court's explicit statement that Phillips cannot proceed with discovery concerning the gun at this late date, Phillips should have withdrawn her motion for sanctions. This motion is inextricably intertwined with Phillips' contention that the City withheld discoverable information about the gun. Phillips' claims concerning tests performed on the weapon are specifically refuted by the City. The Court previously authorized Phillips to obtain the weapon from the City and to perform any manner of non-destructive testing. As noted in the Court's January order, Phillips failed to diligently take the necessary steps to acquire the weapon and to complete discovery related to the weapon within the time permitted by the Court. There was no finding that the City or the officers breached any duty or engaged in any misconduct.

Phillips may not now, with her unproved claims of the City's misconduct, further pursue discovery relating to the weapon. That time has passed. Nor can the Court impose sanctions when it has not found that the City failed to comply with its duty of disclosure; or that its conduct constituted wilful or bad-faith misrepresentation, or that the City failed to disclose results of fingerprint analysis on the gun, or that the City destroyed evidence. Phillips' Motion for Sanctions is denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFF:
Randi McGinn, Esq.
Daniel J. O'Brien, Esq.

ATTORNEY FOR DEFENDANTS:
Luis E. Robles, Esq.
Stephen G. French, Esq.